IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GENUS CREDIT MANAGEMENT CORPORATION, et al. | * * * | |
| v. | * * | Civil No. JFM-05-3028 |
| LAVERNE JONES, et al. | * | |
| | ***** | |

MEMORANDUM

Plaintiffs bring this action to vacate an arbitrator's decision that a group of consumers may pursue a class action claim against the plaintiffs in arbitration. For the reasons stated below, plaintiffs' motion for summary judgment is denied and defendants' motion to dismiss is granted.

I.

Defendants in this case are consumers who enrolled in a Debt Management Plan with Genus Credit Management Corporation ("Genus"). They brought suit in this court in March 2004 against Genus and various other entities that they alleged were affiliated with Genus and conspired with it to commit violations of federal and state law. On January 31, 2005, I dismissed the case because a clause in the contract between the consumers and Genus mandates arbitration for all disputes. *See Jones v. Genus Credit Mgmt. Corp.*, 353 F. Supp. 2d 298 (D. Md. 2005). The clause reads:

> Any dispute between us that cannot be amicably resolved, and all claims or controversies arising out of this Agreement, shall be settled solely and exclusively by binding arbitration in the City of Columbia, Maryland, administered by, and under the Commercial Arbitration Rules then prevailing of, the American Arbitration Association (it being expressly acknowledged that you will not participate in any class action lawsuit in connection with any such dispute, claim, or controversy, either as a representative plaintiff or as a member of the putative class), and judgment upon the award rendered by the arbitrator(s) may be entered and enforced in any court of competent jurisdiction.

(Pls.' Mot. for Summ. J., Ex. 3, D ¶ 18.) My opinion did not address whether the consumers

could proceed with class action claims in arbitration, and I later wrote to counsel to clarify that it was my intention that the *arbitrator* should decide whether the arbitration should be of class-wide claims or only the individual claims asserted by the consumers.

The consumers commenced an arbitration before the American Arbitration Association ("AAA") on February 7, 2005. Pursuant to AAA rules, the parties jointly chose Donald H. Green as the sole arbitrator. In the first stage of the arbitration, the clause construction phase, Green was required to determine whether the parties' agreement precludes class arbitration. The parties briefed the issue and Green heard oral argument before issuing his ruling (the "Partial Final Clause Construction Award") on October 12, 2005. He determined that the parties' agreement was ambiguous as to class arbitration and should be interpreted against the drafter, therefore the agreement does not preclude class arbitration. *See Pacific Indem. Co. v. Interstate Fire & Cas. Co.*, 488 A.2d 486, 497 (Md. 1985) (applying the principle of contract construction where ambiguity is resolved against the drafter).

On November 7, 2005, Genus and the other entities ("plaintiffs," here) brought suit in this court to vacate the Partial Final Clause Construction Award. The consumers ("defendants") moved to dismiss, and plaintiffs opposed and moved for summary judgment.

II.

As a preliminary matter, I reject defendants' contention that I have no jurisdiction to review the Partial Final Clause Construction Award because it amounts to an interlocutory appeal. The only authority defendants cite in support of this argument is *Marron v. Snap-On Tools, Co., LLC*, No. Civ. 03-4563(FSH), 2006 WL 51193 (D.N.J. Jan. 9, 2006), but the court in *Marron* did not actually hold that a clause construction award was unreviewable. *Marron*, 2006

WL 51193, at *3 ("Assuming, without deciding, that this Court *is* authorized to entertain an interlocutory appeal of an interim award, the Court exercises its discretion not to hear Snap-On's interlocutory appeal."). Other courts, including one in this circuit, have reviewed preliminary decisions by arbitrators that do no amount to final dispositions of the entire arbitration. *See Long John Silver's Rests., Inc. v. Cole*, 409 F. Supp. 2d 682 (D.S.C. 2006) (reviewing class determination partial final award); *Sutter v. Oxford Health Plans, LLC*, No. 05-2198 (JAG), D.N.J. Oct. 28, 2005) (reviewing arbitrator's decision to allow class arbitration and to certify a class).[1] I think it prudent to render a decision on the class determination award before Green and the parties are forced to adjudicate the entire dispute.[2]

That being said, judicial review of an arbitration award is severely circumscribed. *Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 193 (4th Cir. 1998). The party moving to vacate the arbitration award bears the burden of proof, and the showing to avoid summary confirmation is high. *Jih v. Long & Foster Real Estate, Inc.*, 800 F. Supp. 312, 317 (D. Md. 1992). Specifically, an arbitrator's interpretation of a contract and of the law governing the contract is accorded great deference. *Upshur Coals Corp. v. United Mine Workers of America*,

---

[1] Moreover, while not dispositive, Rule 3 of the AAA's Supplementary Rules specifically contemplates judicial review of interim "final" awards such as this one. Green intended for his decision to be a final award with respect to the sole issue submitted to him, and immediately subject to judicial review. He confirmed this understanding in the award: "Pursuant to the Supplementary Rules, the Arbitrator retains jurisdiction but stays any further proceedings for thirty (30) days from the date of this Partial Final Award to permit any party to appeal." (Pls.' Mot. for Summ. J., Ex. 1, A at 10.)

[2] I also reject defendants' argument that plaintiffs are estopped from seeking judicial review of the award because I already decided the contract allowed class arbitration. I made no such finding but specifically stated that the *arbitrator* should decide this issue. He did, and his decision is now properly before me.

*Dist. 31*, 933 F.2d 225, 228-29 (4th Cir. 1991).  Although a court may disagree with an arbitrator's interpretation of a contract, the court must uphold it so long as the interpretation "draws its essence from the agreement."  *Id.* at 229.  As long as the arbitrator is even arguably construing or applying the contract, the court may not vacate the award.  *Id.*  Likewise, an arbitrator's legal determination may only be overturned where it is in "manifest disregard of the law."  *Id.*  An arbitration award is enforceable even if the award resulted from a misinterpretation of law, faulty legal reasoning, or erroneous legal conclusion.  *Id.*  The award can only be overturned if the party moving to vacate shows that the arbitrator was aware of the law, understood it correctly, found it applicable to the case before him, and yet chose to ignore it in propounding his decision.  *Remmey v. PaineWebber, Inc.*, 32 F.3d 143, 149 (4th Cir. 1994).

     In this case, plaintiffs contend I must submit Green's decision to a "heightened standard of review" as contemplated by the parties' contract, which (1) states that questions concerning the interpretation of the contract are governed by Maryland law, and (2) incorporates the AAA's Supplementary Rules for Class Arbitrations, which authorize courts to review clause construction awards.  (Pls.' Mot. for Summ. J. at 2.)  Simply put, neither of these contractual provisions mentions a heightened standard of review, much less demonstrates an agreement between the parties to subject arbitration decisions to a higher standard.  Also, there is no support for plaintiffs' suggestion that I should employ a heightened standard of review because Green's decision was legal rather than factual.  I see no reason to depart from the standard recognized by the Fourth Circuit in numerous cases and reaffirmed only weeks ago.  *See Patten v. Signator Ins. Agency, Inc.*, No. 05-1148, 2006 WL 598158, at *4 (4th Cir. March 13, 2006) ("an arbitrator's legal determination may only be overturned where it is in manifest disregard of

the law, and an arbitrator's interpretation of a contract must be upheld so long as it draws its essence from the agreement").

III.

There is no question that Green applied the language of the parties' contract. Therefore, it cannot be argued in any respect -- as is plaintiffs' burden -- that Green's interpretation fails to draw its essence from the contract. Nor do plaintiffs show that Green's decision is in manifest disregard of the law. Contrary to plaintiffs' repeated arguments that the provision in the contract "clearly" forbids class arbitration, the provision is anything but clear because it only forbids participation in a "class action *lawsuit*" as a "*representative plaintiff* or as a member of a putative class." (Pls.' Mot. for Summ. J., Ex. 3, D ¶ 18) (emphasis added). The word "lawsuit" does not clearly encompass arbitration claims because lawsuit normally means a case before a court. *See Webster's II New Riverside University Dictionary* 680 (1994) (defining lawsuit as "a case brought before a court of law"); *Black's Law Dictionary*, 799 (5th ed. 1979) (defining lawsuit as "[a] vernacular term for a suit, action, or cause instituted or depending between two private persons in the courts of law"). Likewise, the word "plaintiff" normally refers to a party that brings a court action. *See Webster's II New Riverside University Dictionary* 898 (defining plaintiff as "the party that institutes a suit in a court"). Given the plain meaning of these terms, it seems entirely plausible to find that the contract is ambiguous with regard to the availability of class arbitration. *See Atlantic Contracting & Material Co., Inc. v. Ulico Cas. Co.*, 844 A.2d 460, 469 (Md. 2004) (the "primary consideration, when interpreting a contract's terms, is the customary, ordinary, and accepted meaning of the language used").

Plaintiffs point to other rules of contract construction that would lead to a different

interpretation of the contract.  While this or another court might have applied those rules, that fact alone is not a sufficient basis for vacatur.  *See Remmey*, 32 F.3d at 146 ("Courts are not free to overturn an arbitral result because they would have reached a different conclusion if presented with the same facts.").  Plaintiffs must show that Green was aware of the law, understood it correctly, found it applicable to the case before him, and yet chose to ignore it in propounding his decision.  They do not meet this burden.  Green's decision that the contract was ambiguous is supported by the plain language of the contract, and the decision is not even close to being in manifest disregard of the law.

     A separate order denying plaintiffs' motion for summary judgment and granting defendants' motion to dismiss is being entered herewith.


  April 6, 2006                                       /s/
Date                                               J. Frederick Motz
                                                      United States District Judge